*Wall* and *Scott* for the defendants.

---

## ISAAC COLE *v.* JOHN ANDERSON.

ON CERTIORARI TO THE COMMON PLEAS OF BURLINGTON.

A book of account is not sufficiently proved to be read in evidence merely by a witness swearing that there are two or three charges in it against him, one of which was charged higher than he understood it ought to be, and when the witness had never seen the book until it was produced before the Justice, did not know the handwriting in which it was kept, and had never seen an entry made in it, or settlement by it.

---

Submitted without argument. *Sloan,* for the plaintiff—*Wall,* for the defendant.

EWING, C. J. This case came before the Court of Common Pleas of the county of Burlington, on appeal from the judgment of a Justice of the Peace, and upon the hearing of the appeal, the appellee who was the plaintiff before the justice to support his demand, offered in evidence a book purporting to be a book of accounts, and to prove the same examined a witness, who stated he had never seen the book until it was produced before the justice—that he did not

know the handwriting in which the book was kept—that he had never seen any entry made in it—that he never had made a settlement at which it was produced—but there were charges in it against him for two or three things he had had, one of which was charged higher than he understood it was to be—and upon this evidence the court overruled an objection made by the appellant to its admissibility, decided that it was duly proved and allowed it to be read.

The testimony of the witness established no one fact in support of the admissibility of the book, afforded not the slightest ground of inference that it was a book of original entries, kept or made by the party at the time of the transactions it professed to record. Notwithstanding the testimony it may have been a copy, not the original; it may have been made on the very day of the trial before the justice, and not at the time the articles were sold or the work done for which the appellant sought to recover. The Court of Common Pleas erred.

Judgment reversed.